State *Ex Rel.* Charlie W. Cobb

*v.*

Otto C. Boles, *Warden,* W. Va. Penitentiary

(No. 12409)

Submitted February 16, 1965.    Decided March 23, 1965.

*C. Thomas Seay,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

BROWNING, PRESIDENT:

Upon application of the petitioner, Charlie William Cobb, this Court granted a writ of habeas corpus ad subjiciendum on December 11, 1964, returnable February 16, 1965, and appointed counsel to represent him before this Court.

The petition alleges petitioner's conviction in McDowell County in February, 1958, of the offense of breaking and entering; the filing of an information against him setting forth two previous convictions of felony in McDowell County in the years 1944 and 1953; petitioner's admission that he was the same person named in the information; and his subsequent sentence to life imprisonment as a recidivist under the provisions of Code, 61-11-18, 19, as amended. The petition then alleges that such life sentence is void and that the correct sentence should be one to ten years, the punishment provided for the offense of breaking and entering, plus an additional five years for one previous conviction, inasmuch as he neither had counsel nor was advised of his right to the assistance of counsel and did not waive such right at the time of his conviction for the 1944 offense.

Respondent made his return to the writ alleging petitioner's confinement pursuant to a judgment of a court of competent jurisdiction valid on its face and a valid commitment issued thereon. Appended to the return as an exhibit, among others, are the orders of the Criminal Court of McDowell County relating to the 1944 conviction. These orders are silent as to any advice or admonition as to petitioner's rights, and any waiver of petitioner's right to coun-

sel, reciting only petitioner's appearance and plea of guilty to a charge of unlawful wounding and his subsequent sentence upon such plea.

Upon the question of the invalidity of the 1944 conviction, this case is controlled by *State ex rel. May* v. *Boles,* 149 W. Va. 155, 139 S. E. 2d 177, and reference is made to the opinion in that case and in the cases of *State ex rel. Bryan* v. *Boles, Warden,* 149 W. Va. 359, 141 S. E. 2d 81, and *State ex rel. Whytsell* v. *Boles,* 149 W. Va. 324, 141 S. E. 2d 70, decided at this term of Court. For the reasons stated in the opinions in those cases, the 1944 conviction of the petitioner is void and cannot be used as a basis for the imposition of additional punishment under the provisions of Code, 61-11-18, 19, as amended.

However, a more difficult issue is presented in this case by the judgment of the Criminal Court of McDowell County by which petitioner was convicted and sentenced to confinement in the penitentiary of this state. This is the first paragraph of that order: "This day came the State by her Attorney and the prisoner, Charlie William Cobbs, in person and by counsel, was set to the bar of the Court in custody of the keeper of the jail of this County, and thereupon the Court proceeded to render judgment upon the Verdict of the Jury found in this case, and the Court doth sentence the said Charlie William Cobbs, to imprisonment in the Penitentiary in the State of West Virginia for an indeterminate period of not less than ONE (1) YEAR nor more than TEN (10) YEARS, as required by law." This is the 4th paragraph of that order: "Thereupon the Court after considering same doth determine that the above mentioned prisoner is the same person mentioned in the records attached herewith and that said prisoner has heretofore been convicted twice before for offenses punishable by confinement in the Penitentiary of the State of West Virginia, the Court doth sentence the said Charlie William Cobbs to imprisonment in the Penitentiary of the State of West Virginia at Moundsville, West Virginia, for the space and period of his NATURAL LIFE, as required by Section (sic) 18 and 19, Article 11, Chapter 61, of the Code of West

Virginia." This judgment order makes no provision that the two sentences thus purportedly imposed upon the petitioner shall run concurrently, therefore, under the provisions of Code, 61-11-21, they must run consecutively. A copy of the information filed with the Criminal Court of McDowell County subsequent to the conviction of the petitioner upon the principal felony and prior to sentencing was also submitted with the petition.

There is no denial by the respondent that the prisoner had fully served the sentences imposed upon him as a result of his convictions of felonies in the years 1944 and 1953. Therefore, when he stood at the bar of the Criminal Court of McDowell County on the 21st day of February, 1958, the only offense for which he could be sentenced to the penitentiary of this state was his conviction at that term of that court of the offense of breaking and entering which was punishable by a sentence of one to ten years in the penitentiary. Article III, Section 5 of the Constitution of West Virginia reads in part as follows: ". . . nor shall any person, in any criminal case, be compelled to be a witness against himself, or be twice put in jeopardy of life and liberty for the same offense." The Fifth Amendment to the Constitution of the United States reads in part as follows: ". . . nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb. . . ." Clearly and succinctly do these constitutional provisions prohibit the judge of the Criminal Court of McDowell County from sentencing the petitioner to the penitentiary or a jail for the two offenses of which he had been previously convicted and satisfied the terms of his sentences. To repeat, the only offense for which he could be sentenced at that time was for breaking and entering for which he had not served his prison sentence and for which he had not been sentenced until the 21st day of February, 1958. It is apparent though from the judgment order which has heretofore been quoted in part that the petitioner was sentenced to a term of one to ten years in the penitentiary for the offense of breaking and entering and also given a life sentence in the penitentiary under the provisions of

"Section 18 and 19, Article 11, Chapter 61, of the Code of West Virginia." Code, 61-11-18 and 19, as amended, insofar as pertinent, read:

(18) "When any person is convicted of an offense and is subject to confinement in the penitentiary therefor, and it is determined, as provided in section nineteen of this article, that such person had been before convicted in the United States of a crime punishable by imprisonment in a penitentiary, the court shall, if the sentence to be imposed is for a definite term of years, add five years to the time for which the person is or would be otherwise sentenced. Whenever in such case the court imposes an indeterminate sentence, five years shall be added to the maximum term of imprisonment otherwise provided for under such sentence.

"When it is determined, as provided in section nineteen hereof, that such person shall have been twice before convicted in the United States of a crime punishable by confinement in a penitentiary, the person shall be sentenced to be confined in the penitentiary for life.

(19) "It shall be the duty of the prosecuting attorney when he has knowledge of former sentence or sentences to the penitentiary of any person convicted of an offense punishable by confinement in the penitentiary to give information thereof to the court immediately upon conviction and before sentence. Said court shall, before expiration of the term at which such person was convicted, cause such person or prisoner to be brought before it, and upon an information filed by the prosecuting attorney, setting forth the records of conviction and sentence, or convictions and sentences, as the case may be, and alleging the identity of the prisoner with the person named in each, shall require the prisoner to say whether he is the same person or not. If he says he is not, or remains silent, his plea, or the fact of his silence, shall be entered of record, and a jury shall be impanelled to inquire whether the prisoner is the same person mentioned in the several records. If the jury finds that he is not the same person, he shall be sentenced upon the charge of which he was convicted as provided by law; but if they find that he is the same, or after being duly cautioned if he acknowledged in open court that

he is the same person, the court shall sentence him to such further confinement as is prescribed by section eighteen of this article on a second or third conviction as the case may be."

Inasmuch as the one to ten year sentence for breaking and entering chronologically preceded the life sentence in the judgment order of the sentencing court, it may be contended under the holding of *State* v. *Roberts,* 143 W. Va. 114, 100 S. E. 2d 550, and authorities cited in the opinion of that case, that the one to ten year sentence was valid and the court was thereafter without jurisdiction to impose an additional or increased sentence, but we are of the view that the principle therein enunciated is not applicable in this case. It is not a crime to have been previously convicted of an offense and sentenced to the penitentiary therefor. The double jeopardy provisions of the Constitution of this State and of the United States, heretofore quoted, prohibit such a procedure. If it were a crime to be an ex-convict, our present habitual criminal act would be unconstitutional since it permits the fact of prior convictions to be presented to the court upon an information signed by the prosecuting attorney of the county. Under our Constitution, Article III, Section 4, no person can be put upon trial for a felony except upon an indictment returned by a validly constituted grand jury. However our recidivist statute does permit an increased sentence for a convicted felon who has theretofore been convicted of one or more felonies and such fact is brought to the attention of the court prior to sentencing by means of an information. That is exactly what occurred in this case and the information was filed subsequent to conviction and prior to sentencing. It is the view of this Court that under those circumstances the trial court had no authority to impose a one to ten year sentence upon the prisoner, that being the statutory penalty for the principal crime of which he had been convicted and not yet sentenced, inasmuch as under the provisions of Code, 61-11-18, as amended, it became the mandatory duty of the trial court to impose a life sentence in the penitentiary upon the prisoner. The language of that section is clear and this language will be repeated: ". . . the person

shall be sentenced to be confined in the penitentiary for life."

However, since the 1944 conviction, contained in the information filed against petitioner, was void for the reasons heretofore stated, that portion of the judgment of the trial court in excess of the penalty for the principal offense, plus an additional five years for one previous valid felony conviction, is also void as to such excess. Therefore, we hold that petitioner is presently serving a valid sentence of one to ten years for the principal offense plus five years for one previous valid felony conviction.

The prisoner will be remanded to the respondent to be kept in his custody until he has served such valid sentence.

*Prisoner remanded.*