STATE *Ex Rel.* WELDON F. JORGENSON

*v.*

OTTO C. BOLES, *Warden,* WEST VIRGINIA PENITENTIARY

(No. 12429)

Submitted March 2, 1965.          Decided March 30, 1965.

*J. S. Francis,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

CAPLAN, JUDGE:

In this original habeas corpus proceeding the petitioner, Weldon F. Jorgenson, alleging that he is "being unlawfully held, detained, restrained, confined of and from his lawful liberty", seeks a writ to compel the respondent to release petitioner from his custody. The writ was issued by this Court on February 1, 1965, returnable on March 2, 1965, and counsel was appointed to represent the petitioner in this proceeding. The Attorney General, appearing for the respondent, filed a return and a demurrer to the petition. Counsel for the parties executed and filed a stipulation wherein it was agreed that all of the orders of the Circuit Court of Wetzel County be considered as evidence herein. The case was thereupon submitted for decision upon the aforesaid pleadings, the orders contained in the stipulation and upon the arguments and briefs of counsel.

On January 12, 1954, Weldon Forbes Jorgenson was indicted jointly with Harvey Hiram Stoneking by the Grand Jury of Wetzel County for the crime of armed robbery. At his arraignment on the same day the petitioner, accompanied by his attorney, entered a plea of not guilty to the charge in the indictment. Subsequently his motion for a

severance was granted and he was tried separate and apart from Stoneking. By the same order the petitioner was granted leave to withdraw his plea of not guilty and was permitted to file a demurrer to and a motion to quash the indictment. The demurrer and motion to quash were subsequently overruled and the defendant in that proceeding then filed a motion for a bill of particulars, which motion was overruled. After a motion for a continuance was overruled, the case was tried before a jury. The Jury, on January 18, 1954, found the petitioner guilty of unarmed robbery.

Thereafter, on January 25, 1954, and prior to the imposition of sentence, the Prosecuting Attorney of Wetzel County filed an information charging the petitioner with the commission of and conviction for two prior felonies. On January 28, 1954, an amended information was filed. Upon being asked if he were the same person mentioned and described in the amended information, the petitioner remained silent. On February 5, 1954 a jury was impaneled to try the issues alleged in the amended information and found that petitioner was the same person as that named therein. The court then proceeded to sentence the petitioner as follows: "* * * it is by the Court considered, adjudged and ordered that the defendant, Weldon Forbes Jorgenson, be confined in the West Virginia Penitentiary for the period of his natural life for the principal offense of unarmed robbery. It is further ordered that the said defendant be confined in the West Virginia Penitentiary for the period of his natural life pursuant to the statute in such cases made and provided for two previous convictions and sentences to penitentiaries in the United States; * * *".

In this proceeding it is contended that the petitioner, having withdrawn his plea of not guilty for the purpose of pleading to the indictment, could not be subjected to trial in the absence of a showing on the record that he subsequently re-entered a not guilty plea. In support of his position the petitioner relies on *State* v. *Aler*, 39 W. Va. 549, 20 S. E. 585, and *State* v. *Beatty*, 51 W. Va. 232, 41 S. E. 434, for the proposition that there can be no valid conviction unless a

plea has been entered. Those cases were in this Court on appeal, not in habeas corpus proceedings. In each instance the conviction was affirmed, the Court having held that not guilty pleas were actually made. The language therein, upon which the petitioner relies, is dicta only and has no application in this habeas corpus proceeding.

If there was an omission in the trial of this petitioner to re-enter his not guilty plea, such omission is error, at most, and must be raised in a proper appeal. It can not be collaterally attacked by habeas corpus. This was succinctly stated in *Watts* v. *Skeen,* 132 W. Va. 737, 54 S. E. 2d 563, in the following language: "Failure of the court to enter a plea of 'not guilty', as provided by law, * * *, does not void the trial and judgment. The Common Pleas Court of Cabell County having jurisdiction over the petitioner as well as the subject matter, the omission relied on cannot be reached by collateral attack. See 25 Am. Jur., Habeas Corpus, Secs. 26-28. Such failure at most renders the judgment of sentence erroneous." It is stated in 14 Am. Jur., Criminal Law, Section 257: "Even though a statute provides that where the accused refuses to plead, a plea of not guilty shall be entered, the failure to enter a plea of not guilty is harmless, if erroneous, where the trial proceeds as if the accused had so pleaded." The petitioner, having been found guilty upon trial by a jury, can not successfully complain in a habeas corpus proceeding that there was a failure to enter a not guilty plea on his behalf.

The principal ground for relief upon which the petitioner relies concerns the imposition by the trial court of two sentences to life imprisonment. As indicated by the order, a part of which is quoted above, the court sentenced the petitioner to confinement in the penitentiary "for the period of his natural life for the principal offense of unarmed robbery". The same order further sentenced him to life imprisonment as a recidivist. The court, having omitted to specify that these terms were to run concurrently, imposed two consecutive life sentences. Code, 1931, 61-11-21.

At the termination of his trial, the only offense for which the petitioner could be sentenced was that of armed or un-

armed robbery for which a life sentence could then be imposed. He could not be sentenced for the two previous crimes of which he had been convicted, the sentences for which had been satisfied. The imposition of such sentence is prohibited by the provisions of Article III, Section 5 of the Constitution of West Virginia and by the Fifth Amendment to the Constitution of the United States, each of which provides that one shall not be twice put in jeopardy for the same offense.

However, as indicated in the sentencing order, the petitioner was sentenced to life imprisonment for unarmed robbery and was also given a life sentence "pursuant to the statute in such cases made and provided for two previous convictions and sentences to penitentiaries in the United States; * * *." Clearly, the latter sentence was imposed under the provisions of Code, 1931, 61-11-18 and 19, as amended. These statutes, sometimes referred to as the habitual criminal law, impose a mandatory duty upon the court to increase the sentence of one convicted when there is presented to the court a proper information showing that the defendant has previously been convicted of a crime or crimes punishable by confinement in a penitentiary.

In the instant case the court was informed by proper information filed prior to sentencing that the defendant had been twice so convicted. After a jury determination that the petitioner was the same person as that named in the information, the court imposed a life sentence for unarmed robbery, the charge of which he had been found guilty. Subsequently, in the same order, the court sentenced the petitioner to life imprisonment as a recidivist. In similar circumstances this Court, in *State ex rel. Cobb* v. *Boles,* 149 W. Va. 365, 141 S. E. 2d 59, decided at this term, said: "It is the view of this Court that under those circumstances the trial court had no authority to impose a one to ten year sentence upon the prisoner, that being the statutory penalty for the principal crime of which he had been convicted and not yet sentenced, inasmuch as under the provisions of Code, 61-11-18, as amended, it became the mandatory duty of the trial court to impose a life sentence in the penitentiary upon

the prisoner. The language of that section is clear and this language will be repeated: ' . . . the person shall be sentenced to be confined in the penitentiary for life' ".

Therefore, in the circumstances of the instant case, there having been a mandatory duty upon the trial court to have imposed a life sentence under the provisions of Code, 1931, 61-11-18, as amended, no authority existed to impose a separate sentence for the principal offense. The life sentence imposed under the recidivist statute is given for the conviction of the principal offense. Such recidivist statute requires an increased sentence when the procedures related in Code, 1931, 61-11-19, as amended, are followed.

The separate life sentence imposed upon the petitioner for his conviction of unarmed robbery is void. However, the life sentence imposed under the provisions of the recidivist statute is valid and shall remain in full force and effect.

Other contentions upon which the petitioner relies in this proceeding have been considered and have been found to be without merit.

The prisoner will be remanded to the respondent to be kept in his custody until he has served such valid sentence or until he is released in accordance with the proper processes of the law.

*Prisoner remanded.*