658 S.E.2d 547

STATE of West Virginia ex rel. Cornell F. DAYE, Petitioner Below, Appellant

v.

Thomas McBRIDE, Warden, Mount Olive Correctional Center, Respondent Below, Appellee (Two Cases).

Nos. 33100, 33101.

Supreme Court of Appeals of West Virginia.

Submitted May 9, 2007.

Decided June 27, 2007.

Lonnie C. Simmons, Esq., Heather M. Langeland, Esq., DiTrapano, Barrett & DiPiero Charleston, WV, for Appellant.

Darrell V. McGraw, Jr., Attorney General, Barbara Allen, Managing Deputy Attorney General, Charleston, WV, for Appellee.

STARCHER, J.:

The appellant, in this habeas corpus action, seeks relief from his sentence as enhanced under *W.Va.Code*, 61–11–18 (2000). The trial court initially sentenced the appellant under *W.Va.Code*, 60A–4–408 (1971), which provides that the sentencing judge may sentence a convicted defendant up to twice the term for the offense as otherwise authorized. The State subsequently filed a motion pursuant to *W.Va. Rules of Criminal Procedure*, Rule 35a, to correct the initial sentence to conform with the requirements of *W.Va.Code*, 61–11–18 (2000). The trial court granted the State's motion and sentenced the appellant to confinement in the penitentiary for life. The appellant claims that his original sentence under *W.Va.Code*, 60A–4–408 (1971) was valid and should be reinstated.

For the reasons discussed in this opinion, we affirm the decision of the trial court and remand this case for further proceedings.

## I.

### *Facts & Background*

On August 25, 1999, the appellant, Cornell F. Daye, aka "Jumpshot," while on probation on a prior felony drug charge, was arrested in Raleigh County, West Virginia, for possession of crack cocaine. A few months after the August 1999 arrest in Raleigh County, but before his indictment, the appellant was

arrested in Orange County, Florida, where he pled *nolo contendere* to possession of a controlled substance, and was sentenced to six months in jail. On January 10, 2000, while the appellant was serving his sentence in Florida, the appellant was indicted by a Raleigh County grand jury for the West Virginia incident leading to his August 1999 arrest for possession of crack cocaine with intent to deliver, second offense.[1]

The appellant waived extradition while serving his sentence in Florida, and upon completion of his sentence, on May 19, 2000, the appellant was transported back to West Virginia. The appellant was held in a regional jail until his trial. On November 6, 2000, the appellant was arraigned on the indictment. On January 2, 2001, a hearing was held to revoke the appellant's probation from his March 22, 1999 Raleigh County felony drug charge conviction.[2]

The appellant's trial began on August 20, 2001, and concluded on August 21, 2001, with a conviction for possession of crack cocaine with intent to deliver, second or subsequent offense.[3]

On August 22, 2001, the State filed an information pursuant to *W.Va.Code*, 61–11–19 (1943), stating the appellant had been convicted on: (1) August 23, 2001, of possession of crack cocaine with intent to deliver, (2) March 22, 1999, of possession of a controlled substance with intent to deliver, and (3) April 28, 1998, of possession of crack cocaine with intent to deliver.[4] All convictions were for felony offenses.

On September 6, 2001, a hearing was held to consider the State's August 22, 2001 information. This hearing was presided over by a different judge than the judge who had presided over all of the prior proceedings. The judge explained to the appellant that if he admitted he was the person convicted of the

---

1. Following is the complete text of the January 10, 2000 indictment:

   Alleged Offense: POSSESSION OF "CRACK" COCAINE WITH INTENT TO DELIVER–SECOND OFFENSE
   Citation: W.VA. CODE 60A–4–406
   STATE OF WEST VIRGINIA, COUNTY OF RALEIGH, TO WIT:
   The Grand Jurors of the State of West Virginia, in and for the body of the County of Raleigh, upon their oaths present that CORNELL DAYE aka "JUMPSHOT" in or about the 25th day of August, 1999 in the said County of Raleigh, did unlawfully, knowingly, intentionally and feloniously possess a quantity of "crack" cocaine, a Schedule II controlled substance, with the intent to deliver, this being his Second Offense, having been previously convicted on or about the 22nd day of March, 1999, in the Circuit Court of Raleigh County, West Virginia, said conviction having become final, against the peace and dignity of the State, and found upon the testimony of Detective M.R. Robinson, RUDE duly sworn to testify the truth before the Grand Jury this the 10th day of January, 2000.
   [Signed by] Larry Frail Prosecuting Attorney
   The indictment was subsequently amended to correct the *Code* citation to *W.Va.Code*, 60A–4–408.

2. On March 22, 1999, in the Raleigh County Circuit Court, in Case 99–IF–69–K the appellant was sentenced to a term of not less than one (1) nor more than fifteen (15) years for a conviction of Possession of a Controlled Substance with Intent to deliver. The sentence was suspended and the appellant was placed on probation.

3. Following is the relevant text of the court order accepting the jury verdict:

   We, the jury, find the defendant, **Guilty of Possession with the Intent to Deliver a Schedule II Substance, to-wit, "Crack" Cocaine, second or subsequent offense** as contained in the State's Indictment.

4. Following is the text of the State's information:

   THE PROSECUTING ATTORNEY CHARGES:
   That on or about August 21, 2001 in Raleigh County, West Virginia, the defendant was found convicted by a jury of his peers of an offense punishable by confinement in the penitentiary in the Circuit Court of Raleigh County, West Virginia. The defendant has not been sentenced for his conviction of August 21, 2001.
   The prosecuting attorney has knowledge of a former sentence to the penitentiary of defendant by the Circuit Court of Raleigh County, West Virginia, March 22, 1999 for a term of not less than one (1) nor more than fifteen (15) years in Case 99–IF–69–K wherein the defendant was convicted of Possession of a Controlled Substance with Intent to deliver.
   The prosecuting attorney has knowledge of a former sentence to the penitentiary of defendant by the Circuit Court of Raleigh County, West Virginia, April 28, 1998 for a [period] of not less than one (1) year nor more than fifteen (15) years in Case 97–F–16 wherein the defendant was convicted of Possession of Crack Cocaine with Intent to Deliver.

crimes identified in the State's information, "you *could be* sentenced to a period of life in the penitentiary, with possibility of parole." (Emphasis added.) The appellant admitted that he was the person convicted in the previous cases. The judge accepted the appellant's admission and entered a finding that the appellant "knowingly, voluntarily and understandingly appreciates the ramifications of an admission."

On September 26, 2001, the original judge in the case reviewed the pre-sentence report and the record relating to the appellant's admission to the prior convictions. On September 26, 2001, the judge ordered the appellant sentenced to not less than two nor more than thirty years in a state correctional facility pursuant to the enhancement provisions of *W.Va.Code,* 60A–4–408 (1971).[5] The judge specifically declined to sentence the appellant under the provisions of *W.Va.Code,* 61–11–18 (2000).

On October 2, 2001, the State filed a motion, pursuant to Rule 35(a) of the *West Virginia Rules of Criminal Procedure,*[6] to correct the sentencing order, contending that a life sentence was mandatory under *W.Va. Code,* 61–11–18 (2000). On October 11, 2001, the judge entered an order which "corrected" the initial sentence and ordered that the appellant be confined in a correctional facility for life pursuant to *W.Va.Code,* 61–11–18 (2000).[7]

---

5. Following is the complete text of the sentencing order:

   ORDER SENTENCING DEFENDANT

   On this the 26th day of September 2001, came the defendant, in person and by counsel, John Parkulo, Esq. The Adult Probation Department appeared by Walter Flarper Adult Probation Officer. The state appeared by its assistant prosecuting attorney pursuant to Order.

   The Court reviewed the pre-sentence report of September 3, 2001. The Court heard argument from defense counsel and granted the defendant an opportunity to address the Court. The state noted that the defendant had previously admitted to the state's information 01–F–158–H wherein it was alleged that the defendant had previously been convicted of felony crimes.

   Based upon the entire record it is ORDERED that the defendant is committed to the West Virginia Division of Corrections to be confined in the penitentiary of this state for a term of not less than 2 nor more than 30 years for his conviction of Possession with Intent to Deliver a Controlled Substance, to-wit, Cocaine, Second or Subsequent offense under Indictment 00–F–36K. The sentence shall rune [sic] CONSECUTIVELY with the sentence imposed by the Court in 99–IF–69–K.

   The Court acknowledges that pursuant to West Virginia Code 61–11–18 & 61–11–19 the state has met its burden. The Court, however declines to enhance the sentence of the defendant as a habitual offender.

   The defendant is remanded to the Southern Regional Jail pending transfer to the penitentiary.

   The defendant is granted credit for time served on this charge awaiting sentencing.

   The defendant OBJECTS to the Court's denial of his motion for probation and to the Court's sentence.

   The state OBJECTS to the Court's failure to sentence the defendant as an habitual offender.

   The defendant shall pay the costs of the prosecution of this matter.

   It is ORDERED that the Clerk of this Court remove this case from the Court's active docket of cases.

6. Rule 35 of the *West Virginia Rules of Criminal Procedure* permits the court to correct illegal sentences.

7. Following is the relevant text of the court's order granting the State's motion to correct the appellant's sentence:

   ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE VERDICT; DENYING MOTION FOR NEW TRIAL; GRANTING MOTION OF THE STATE TO CORRECT SENTENCE AND GRANTING MOTION TO WITHDRAW AS COUNSEL.

   On this the 11th day of October 2001 the defendant appeared in person and by counsel, John Parkulo, Esq. The state appeared by its assistant prosecuting attorney pursuant to Notice of hearing on all post trial motions.

   The defendant, by counsel and with direct input of the defendant through counsel argued the defendant's Assignments of Error and Motion for New Trial. The state was granted the opportunity to respond. The defendant then presented rebuttal argument to the state's argument. The Court then made the following findings:

   . . .

   The Court then addressed the state's Motion to Correct Sentence. The state advised that it was prepared to have its motion resolved on the basis of the documents filed. The defendant filed a *pro se* response to the state's motion that had not been provided to the Court. In addition, counsel and the defendant directing counsel cited specific cases to the Court. The Court recessed to review the cases cited by the defendant.

   It is ORDERED that the state's motion is GRANTED. The sentence imposed by this

The appellant filed a direct appeal to this Court challenging the life sentence. On March 11, 2003, the West Virginia Supreme Court denied the appellant's appeal.

On May 25, 2004, the appellant filed a *pro se* habeas corpus petition. On June 9, 2005, the trial judge summarily denied all habeas corpus relief pursuant to *W.Va.Code*, 53–4A–3 (1971).[8] Following the denial of his *pro se* habeas corpus petition, the appellant requested that the court appoint him counsel to appeal his case. The judge denied the appellant's request for appointment of counsel on June 28, 2005.

It is from the circuit court's denial of appellant's *pro se* petition for habeas corpus that the appellant appeals. On May 26, 2006, this Court accepted appellant's petition and appointed counsel to assist him with his appeal.

## II.

### Standard of Review

■ In Syllabus Point 1 of *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771(2006) this Court held:

In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

With these standards in mind, we will now consider the appellant's arguments.

Court September 26, 2001 is CORRECTED to state that the defendant is committed to the West Virginia Division of Corrections where he shall be confined in a correctional facility for life.

· · ·

8. Following is the relevant text of the court order denying the appellant's writ of habeas corpus:
ORDER DENYING PETITIONER'S WRIT OF HABEAS CORPUS
This matter is before this Court on a Petition filed by the Petitioner, Cornell F. Daye (hereinafter "Daye"), on May 25, 2004. Daye is pro-

## III.

### Discussion

*W.Va.Code*, 61–11–18(c) (2000) provides that:

(c) When it is determined, as provided in section nineteen [§ 61–11–19] of this article, that such person shall have been twice before convicted in the United States of a crime punishable by confinement in a penitentiary, the person *shall* be sentenced to be confined in the state correction facility for life.

(Emphasis added.)

*W.Va.Code*, 61–11–19 (1943) provides that:

**61–11–19. Procedure in trial of persons for second or third offense.**

It shall be the duty of the prosecuting attorney when he has knowledge of former sentence or sentences to the penitentiary of any person convicted of an offense punishable by confinement in the penitentiary to give information thereof to the court immediately upon conviction and before sentence. Said court shall, before expiration of the term at which such person was convicted, cause such person or prisoner to be brought before it, and upon an information filed by the prosecuting attorney, setting forth the records of conviction and sentence, or convictions and sentences, as the case may be, and alleging the identity of the prisoner with the person named in each, shall require the prisoner to say whether he is the same person or not. If he says he is not, or remains silent, his plea, or the fact of his silence, shall be entered of record, and a jury shall be impaneled to inquire whether the prisoner is the same person mentioned in the several records. If the jury finds that he is not

ceeding *pro-se* and the State has not filed a response to this matter. In the Petition, Daye raises Ten (10) grounds for relief as to why his underlying conviction was unconstitutional. This Court has reviewed the entire record including, the underlying criminal matters and all pleadings filed in Civil Action Number 04–C–531. After fully considering the matter before it, this Court finds and concludes that Daye has failed to raise any constitutional issues and therefore this Petition is SUMMARILY DISMISSED.

the same person, he *shall* be sentenced upon the charge of which he was convicted as provided by law; but if they find that he is the same, or after being duly cautioned if he acknowledged in open court that he is the same person, the court shall sentence him to such further confinement as is prescribed by section eighteen [§ 61–11–18] of this article on a second or third conviction as the case may be.

The clerk of such court shall transmit a copy of said information to the warden of the penitentiary, together with the other papers required by the provisions of section ten [§ 62–7–10], article eight [seven], chapter sixty-two of the Code of West Virginia, one thousand nine hundred thirty-one.

Nothing contained herein shall be construed as repealing the provisions of section four [§ 62–8–4], article eight, chapter sixty-two of the Code of West Virginia, one thousand nine hundred thirty-one, but no proceeding shall be instituted by the warden, as provided therein, if the trial court has determined the fact of former conviction or convictions as provided herein.

(Emphasis added.)

■ We held in Syllabus Point 2, *Crockett v. Andrews*, 153 W.Va. 714, 172 S.E.2d 384, (1970):

Where the language of a statute is free from ambiguity, its plain meaning is to be accepted and applied without resort to interpretation.

■ Also, this Court has previously held that the life sentence language of *W.Va.Code*, 61–11–18 (2000) is mandatory. In Syllabus Point 3 of *State ex rel. Cobb v. Boles*, 149 W.Va. 365, 141 S.E.2d 59 (1965), we held:

Where an accused is convicted of an offense punishable by confinement in the penitentiary and, after conviction but before sentencing, an information is filed against him setting forth one or more previous felony convictions, if the jury find or, after being duly cautioned, the accused acknowledges in open court that he is the same person named in the conviction or convictions set forth in the information, *the court is without authority to impose any*

*sentence other than as prescribed in* Code, 61–11–18, as amended.

(Emphasis added.) *See also* Syllabus Point 5 of *State ex rel. Combs v. Boles*, 151 W.Va. 194, 151 S.E.2d 115 (1966). Thus in accord with *Cobb, supra,* and *Combs, supra,* any sentence imposed, after the successful completion of the procedures prescribed in *W.Va. Code*, 61–11–19 (1943), which does not comport with *W.Va.Code*, 61–11–18 (2000) is an *illegal* sentence.

■ The appellant claims, in effect, that once the trial court refused to impose the mandatory life sentence, despite his conviction as an habitual offender, the court lost the power to correct its mistake because the result would be an increase in the sentence. A close examination of our decisions, however, does not support the appellant in this regard but rather points to a different conclusion. In both *State ex rel. Williams v. Riffe*, 127 W.Va. 573, 34 S.E.2d 21 (1945) and *Sellers v. Broadwater*, 176 W.Va. 232, 342 S.E.2d 198 (1986), cited by the appellant, the trial court attempted to set aside plea and sentencing after protests by victims' families. In *State ex rel. Roberts v. Tucker*, 143 W.Va. 114, 100 S.E.2d 550 (1957), also cited by the appellant, the trial court attempted to increase the original sentence after the defendant escaped from jail. In the cases cited by the appellant, unlike the instant case, the original sentences were *legal*. Therefore, the Constitutional prohibition against double jeopardy, *W.Va. Const.*, art. III, § 5, barred imposition of an increased sentence.

In the instant case because of our holdings in *Cobb, supra,* and *Combs, supra,* the initial sentence imposed by the trial court was *illegal*. Therefore, when properly applying the mandatory language of *W.Va.Code*, 61–11–18 (2000) and *W.Va.Code*, 61–11–19 (1943), the trial court had a duty to correct the initial *illegal* sentence and sentence the appellant to a state correctional facility for life.

The appellant also contends that in a case where all of a defendant's convictions are drug related, the requirements of *W.Va.Code*, 61–11–18 (2000) and *W.Va.Code*, 61–11–19 (1943) must give way to the enhancement provisions of the Uniform Controlled Substances Act, *W.Va.Code*, 60A–4–408 (1971).

The appellant argues that failure to treat the law in this manner would render the sentence enhancement provisions of the Uniform Controlled Substances Act a nullity.

We believe that the appellant's argument in this regard is without merit because historically the prosecuting attorney has exercised discretion as to whether or not to file an information to seek recidivist enhancements under *W.Va.Code*, 61–11–18 (2000) and *W.Va.Code*, 61–11–19 (1943). *See Griffin v. Warden, West Virginia State Penitentiary*, 517 F.2d 756 (4th Cir.1975). Further, we believe that the filing of such informations pursuant to *W.Va.Code*, 61–11–19 (1943) is relatively rare and only occurs in more extreme cases where a defendant's criminal history suggests that a more severe sentence than may be imposed by the penalty for the underlying offense. Furthermore, since many of the offenses under the Uniform Controlled Substances Act are relatively minor and involve little or no danger to others, they may be inappropriate for the more severe treatment under *W.Va.Code*, 61–11–18 (2000) and *W.Va.Code*, 61–11–19 (1943). For these reasons we see no danger in the sentencing provisions of the Uniform Controlled Substances Act being nullified as suggested by the appellant.

The appellant also contends that the sentence enhancement provisions of the Uniform Controlled Substances Act, *W.Va.Code*, 60A–4–408 (1971), should take precedence over the sentence enhancement provision of recidivist enhancements under *W.Va.Code*, 61–11–18 (2000) and *W.Va.Code*, 61–11–19 (1943) because the Uniform Controlled Substances Act is specific to drug related offenses.

■ This Court has previously held that we apply such a statutory construction only "where the two [statutes] cannot be reconciled." In Syllabus Point 1 of *UMWA by Trumka v. Kingdon*, 174 W.Va. 330, 325 S.E.2d 120 (1984) this Court held:

The general rule of statutory construction requires that a specific statute be given precedence over a general statute relating to the same subject matter *where the two cannot be reconciled.*

(Emphasis added.) In the instant case we believe that the State persuasively argues that the two statutes can be reconciled.

The Uniform Controlled Substances Act, *W.Va.Code*, 60A–4–408 (1971), provides a lesser, and discretionary, enhancement in any case involving a repeat drug offender. Furthermore, the judge, not the prosecuting attorney, makes the enhanced sentencing decision under this drug offense statute. The statute applies to both misdemeanor and felony offenses. It does not require the filing of an information by the prosecuting attorney.

In contrast, the general habitual offender statute is utilized only in cases where the totality of a criminal defendant's criminal history makes a mandatory sentence of life imprisonment an appropriate punishment The procedural provisions of the general habitual criminal offender statute, *W.Va.Code*, 61–11–19 (1943), require the filing of an information by the prosecuting attorney within certain time limits, and the defendant has a right to a jury trial with attendant procedural safeguards.

The appellant cites to numerous cases from other jurisdictions in support of his position that the sentencing provisions of the Uniform Controlled Substances Act, *W.Va. Code*, 60A–4–408 (1971), should take precedence over the sentencing provisions of the general habitual offender statute, *W.Va.Code*, 61–11–18 (2000). The State agrees that some of the cases cited do support the appellant's position,[9] but that at least one of appellant's cases supports the State's position.[10] The State further contends that other cases are distinguishable [11] from the instant case.

9. *Buff v. State*, 538 P.2d 1117, 1975 OK CR 129 (Okla.Crim.App.1975); *State v. Loudermilk*, 221 Kan. 157, 557 P.2d 1229 (1976); *Blunt v. State*, 743 P.2d 145, 1987 OK CR 201 (Okla.Crim.App. 1987).

10. *See State v. Ray*, 166 Wis.2d 855, 481 N.W.2d 288 (1992).

11. *Chambers v. State*, 522 So.2d 311 (Ala.Crim. App., 1986); *Lloyd v. State*, 139 Ga.App. 625, 229 S.E.2d 106 (1976); *People v. Fetterley*, 229 Mich. App. 511, 583 N.W.2d 199 (1998); *State v. Chapman*, 205 Neb. 368, 287 N.W.2d 697 (1980); *State v. Heyward*, 90 N.M. 780, 568 P.2d 616 (1977).

Nonetheless, both appellant and appellee agree that the issue presented in this case has never been decided in West Virginia.

Finally, the appellant argues that the trial court improperly applied *West Virginia Rules of Criminal Procedure*, Rule 35(a),[12] to enhance his sentence. We do not agree.

The appellant contends that the initial sentence for "possession of crack cocaine with intent to deliver, second or subsequent offense" was a legal sentence because it was proper under *W.Va.Code*, 60A–4–408 (1971). Appellant argues that the trial court cannot use a Rule 35(a) motion to change a *legal* sentence because Rule 35(a) provides for correcting an *illegal* sentence. We believe this argument ignores the unambiguous application of the general habitual offender statute, *W.Va.Code*, 61–11–18 (2000) or *W.Va.Code*, 61–11–19 (1943). Here, after the appellant's conviction, the State timely filed a recidivist information based on the appellant's two prior felony convictions. The appellant admitted to the allegations in the information. Once this procedure was completed, the trial court was "without authority to impose any sentence other than as prescribed in [*W.Va.*] Code [sic], 61–11–18 [2000]." *See Cobb, supra,* and *Combs, supra.*

We believe that the trial court erred in imposing the initial sentence, and therefore properly corrected the sentence pursuant to the authority under *West Virginia Rules of Criminal Procedure*, Rule 35(a), *supra.*

■ Based on the foregoing we hold that when any person is convicted of an offense under the Uniform Controlled Substances Act (*W.Va Code*, Chapter 60A) and is subject to confinement in the state correctional facility therefor, and it is further determined, as provided in *W.Va.Code*, 61–11–19 (1943) that such person has been before convicted in the United States of a crime or crimes, including crimes under the Uniform Controlled Substances Act (*W.Va.Code*, Chapter 60A), punishable by confinement in a penitentiary, the court shall sentence the person to confinement in the state correctional facility pursuant to the provisions of *W.Va.Code*, 61–11–18 (2000), notwithstanding the second or subsequent offense provisions of *W.Va.Code*, 60A–4–408 (1971).

We decline to address the appellant's other assignments of error as we consider them to be without merit.

Finally, we observe from the appellant's brief that his counsel has indicated that he received a limited copy of the record. For this reason, appellant's counsel requested that the Court limit its consideration in the instant case to the issues presented in this appeal and that all other issues identified in appellant's original *pro se* petition be deferred for possible consideration at a later date. Counsel for the State conceded in her brief that the appellant may have further issues not presented in the present appeal and suggested that the appellant's case be remanded to the trial court for appointment of counsel and further proceedings on the remaining issues. We agree with these suggestions. Accordingly, we remand this case for appointment of counsel and further proceedings on all issues not decided in this opinion.[13]

## IV.

### Conclusion

Based on the foregoing, we affirm, in part, and remand, in part, pursuant to the previous discussion.

Affirmed, in part, and Remanded, in part.

---

12. **Rule 35. Correction or reduction of sentence.**
   (a) *Correction of Sentence.* The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time period provided herein for the reduction of sentence.

13. Because the appellant in this case was sentenced to a term of confinement in a state penitentiary for life, the appellant should have been appointed counsel to assist him with his habeas corpus petition in the trial court.