**State of West Virginia
Plaintiff Below, Respondent,**

**FILED**

**November 4, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 18-0817** (Marion County 07-F-151)

**Ronald S.,
Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Ronald S.,[1] by counsel Matthew C. Brock, appeals the Circuit Court of Marion County's August 27, 2018, order that denied his motion for correction of sentence under West Virginia Rule of Criminal Procedure 35(a). The State of West Virginia, by counsel Caleb A. Ellis, filed a response and a supplemental appendix.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2007, petitioner was indicted by a grand jury in the Circuit Court of Marion County on four counts of first-degree sexual assault and four counts of sexual abuse by a parent, guardian, or custodian. In June of 2008, petitioner and the State entered into a written plea agreement in which petitioner agreed to plead guilty to one count of sexual abuse by a parent, guardian, or custodian, *see* W.Va. Code § 61-8D-5(a), in exchange for the dismissal of the other seven counts of the indictment. The agreement provided that the penalty under West Virginia Code § 61-8D-5(a) "is imprisonment in the penitentiary for not less than ten (10) nor more than twenty (20) years, or [a fine of] not less than five hundred dollars ($500.00) nor more than five thousand dollars ($5,000) and imprisonment in the penitentiary for not less than ten (10) years nor more than twenty (20) years." The agreement further provided that the parties would argue sentencing to the court and that the agreement falls within Rule 11(e)(1)(B) of the West Virginia Rules of Criminal Procedure.[2] Following a hearing, the circuit court entered an order on October 30, 2008, that was

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2] West Virginia Rule of Criminal Procedure 11(e)(1)(B) states:

consistent with the terms of the plea agreement.

Approximately ten years later, on April 3, 2018, the State filed a Motion for Determination of Extended Supervision in which it averred that, under West Virginia Code § 62-12-26,[3] petitioner "shall be required to serve, in addition to the sentence imposed at final disposition [on October 20, 2008], a period of supervised release of up to fifty [50] years;" that the sentencing court "did not determine a period of extended supervision at the time of final disposition;" and that petitioner "is scheduled for release from incarceration on or about the 28th day of May, 2018." The State requested a hearing so that the circuit court could "determine the appropriate period of extended supervision . . . ."

A hearing on the State's motion was held on May 24, 2018. In an Amended Order

_____

(e) Plea Agreement Procedure.

(1) *In General.* The attorney for the state and the attorney for the defendant or the defendant when acting pro se may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty or nolo contendere to a charged offense or to a lesser or related offense, the attorney for the state will do any of the following:

. . .

(B) Make a recommendation or agree not to oppose the defendant's request, for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the court[.]

[3] West Virginia Code § 62-12-26 provides, in pertinent part, as follows:

Extended supervision for certain sex offenders; sentencing; conditions; supervision provisions; supervision fee

(a) Notwithstanding any other provision of this code to the contrary, any defendant convicted after the effective date of this section of a violation of section twelve [§61-8-12], article eight, chapter sixty-one of this code or a felony violation of the provisions of article eight-b [§61-8B-1 et seq.], eight-c [§61-8C-1 et seq.] or eight-d [§61-8D-1 et seq.] of said chapter shall, as part of the sentence imposed at final disposition, be required to serve, in addition to any other penalty or condition imposed by the court, a period of supervised release of up to fifty years[.]

. . . .

(c) The period of supervised release imposed by the provisions of this section shall begin upon the expiration of any period of probation, the expiration of any sentence of incarceration or the expiration of any period of parole supervision imposed or required of the person so convicted, whichever expires later.

Following Hearing to Determine Extended Supervision, the circuit court concluded that, at the time of petitioner's crime, a period of extended supervision was mandatory under West Virginia Code § 62-12-26; that the original sentence imposed upon petitioner had been an illegal sentence; and that, under West Virginia Rule of Criminal Procedure 35(a), an illegal sentence could be corrected at any time. The circuit court imposed a twenty-year period of supervised release. Petitioner did not appeal this order but, instead, on August 7, 2018, filed a motion for correction of sentence under Rule 35(a). The circuit court denied the motion, without a hearing, by order entered on August 27, 2018. It is from this order that petitioner now appeals.

This Court reviews the circuit court's order under the following standard:

> "In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, *State v. Marcum*, 238 W. Va. 26, 792 S.E.2d 37 (2016).

Petitioner's arguments on appeal stem from the timeliness of the State's request to impose a period of supervised release. Petitioner argues that the State breached the plea agreement by seeking extended supervision almost ten years after the agreement was entered into; that the State's failure to timely object to petitioner's sentence when it was initially imposed constituted a waiver of the right to challenge its legality; and that the doctrine of laches should apply. Petitioner further argues that he had a legitimate expectation of finality in the original sentence and that the untimely imposition of supervised release violated the prohibition against double jeopardy. According to petitioner, because his original sentence has now been discharged, he is prejudiced by the period of supervised release and cannot be restored to his position before the plea bargain was performed by him. He argues that the circuit court abused its discretion by failing to order specific performance of the plea agreement by the State. We find no error.

It is undisputed that West Virginia Code § 62-12-26(a) was in effect at the time petitioner was originally sentenced. It provides, in pertinent part, that "any defendant convicted after the effective date of this section of . . . a felony violation of the provisions of article . . . eight-d of [chapter sixty-one of this code] *shall*, as part of the sentence imposed at final disposition, *be required to serve, in addition to any other penalty or condition imposed by the court, a period of supervised release of up to fifty years[.]*" (Emphasis added). Thus, it is clear that, upon petitioner's guilty plea to one count of West Virginia Code § 61-8D-5, the use of the word "shall" in West Virginia Code § 62-12-26(a) made the imposition of a period of supervised release mandatory. *See* Syl. Pt. 1, *E.H. v. Matin,* 201 W. Va. 463, 498 S.E.2d 35 (1997) ("'It is well established that the word "shall," in the absence of language in the statute showing a contrary intent on the part of the Legislature, should be afforded a mandatory connotation.' Syllabus Point 1, *Nelson v. West Virginia Public Employees Insurance Board,* 171 W.Va. 445, 300 S.E.2d 86 (1982)."). Because the circuit court failed to impose a period of supervised release, as required under West Virginia

3

Code § 62-12-26(a), petitioner's original sentence was illegal. Upon the State's motion for determination of extended supervision, the circuit court invoked its authority under Rule 35(a), which states, in pertinent part, that "[t]he court may correct an illegal sentence at any time." Accordingly, the circuit court properly imposed a period of twenty years of supervised release as part of petitioner's sentence, as required by West Virginia Code § 62-12-26(a). *See State v. Hubbard*, No. 11-0690, 2012 WL 2892350 *4 (W. Va. Feb. 13, 2012) (memorandum decision) (noting that "the circuit court was required to correct the original illegal sentence[,]" which failed to impose a period of supervised release as required by West Virginia Code § 62-12-26(a)); *State ex rel. Daye v. McBride*, 222 W. Va. 17, 22, 658 S.E.2d 547, 552 (2007) (concluding that defendant's initial sentence was illegal and that the circuit court had a duty to correct it and apply the mandatory sentencing set forth in the statutes at issue).[4]

Petitioner thereafter filed his own motion under Rule 35(a), which the circuit court denied. On appeal, petitioner challenges the validity of his now legal sentence. In addition to authorizing a court to "correct an illegal sentence at any time," Rule 35(a) also permits a court to "correct a sentence imposed in an illegal manner." As previously established, petitioner's corrected sentence is legal. Furthermore, petitioner's arguments that the State breached the plea agreement and that the State's motion to determine extended supervision was untimely and barred by the doctrine of laches are merely reasons petitioner posits in support of maintaining his previous illegal sentence. These arguments are, thus, unpersuasive. As for petitioner's claim that the circuit court's correction of the original illegal sentence violated the prohibition against double jeopardy, this argument is likewise without merit. The Double Jeopardy Clause provides, in part, that "[n]o person shall . . . be twice put in jeopardy of life or liberty for the same offence." W.Va. Const. art. III, § 5. It prevents "both successive punishments and successive prosecutions and bars an accused from being twice punished for the same offense and from being twice tried for it." *State v. Sears*, 196 W. Va. 71, 75, 468 S.E.2d 324, 328 (1996) (internal citations omitted). The circuit court's imposition of a period of supervised release was not a successive punishment or prosecution for the same offense but, instead, was the imposition of a punishment mandated by law.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 4, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[4] We observe that petitioner's arguments are based upon the incorrect premise that his original sentence was merely "technically infirm" and, thus, "voidable." In fact, petitioner's original sentence was illegal because it failed to conform to statutory requirements and, was, therefore, void. As a result, the circuit court had a duty to correct the original sentence and order a period of supervised release, as required under West Virginia Code § 62-12-26(a).

4