# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 19-0840** (Fayette County 19-F-1)

**Kevin Settle,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Kevin Settle, by counsel Evan J. Dove, appeals the Circuit Court of Fayette County's June 24, 2019, sentencing order entered following his convictions for one count of possession with intent to deliver heroin and one count of possession with intent to deliver diazepam. Respondent State of West Virginia, by counsel Karen Villanueva-Matkovich, filed a response in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in denying his Rule 35(a) motion to correct an illegal sentence and in doubling his maximum indeterminate sentence following his conviction for possession with intent to deliver heroin.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted by information in January of 2019 on one count of possession with intent to deliver heroin and one count of possession with intent to deliver diazepam. Petitioner entered into a plea agreement whereby he agreed to plead guilty to both counts. During the March 4, 2019, sentencing hearing, petitioner's counsel noted that petitioner had prior felony convictions for "possession of drugs with intent to deliver." Petitioner's counsel also indicated that petitioner had never received or participated in any drug treatment. As a result, petitioner's counsel moved the circuit court to place petitioner on probation with a requirement to attend long-term drug treatment. The State did not oppose petitioner seeking drug treatment but expressed "grave concerns for his safety if he is released" and worried that petitioner would "go back to doing the same thing he was doing" — selling drugs. Prior to pronouncing his sentence, the circuit court noted that petitioner was educated but unemployed and had a family to support. The circuit court noted that petitioner had been convicted of possession with intent to deliver cocaine and

1

oxycodone in November of 2010, served eight months of incarceration, and was released on probation until it was revoked in February of 2016 for failing to adhere to the terms of his probation. The circuit court also noted that petitioner had previously attended a twenty-eight-day drug treatment program but was discharged for violating the rules of that program. The circuit court noted that petitioner then transitioned to a sober living home, where he was also discharged. As a result, the circuit court denied petitioner's request for probation or other alternative sentence that "would duly depreciate the seriousness of th[e] crime." The court then sentenced petitioner to not less than two years nor more than thirty years of incarceration for possession with intent to deliver heroin,[1] which was enhanced pursuant to West Virginia Code § 60A-4-408.[2] The court also sentenced petitioner to not less than one year nor more than three years of incarceration for possession with intent to deliver diazepam.[3] The circuit court ordered both sentences to run consecutively for an effective sentence of three to thirty-three years of incarceration. The resulting sentencing order was entered on March 8, 2019.

On June 7, 2019, petitioner, acting as a self-represented litigant, filed a Rule 35 motion for correction of sentence, arguing that his sentence was illegal because it exceeded the statutory maximum sentence for possession with intent to deliver heroin. That motion was denied by the circuit court by order entered on June 24, 2019. In that order, the circuit court noted that petitioner was sentenced pursuant to West Virginia Code § 60A-4-408, rather than § 61-11-18, which was the statute under which petitioner claimed his sentence was illegal. Petitioner appeals from that order.

First, petitioner argues that the circuit court erred in denying his motion to correct his sentence because the State failed to file a formal recidivist information and ultimately relieved the circuit court of its duty to follow the sentencing guidelines of West Virginia Code § 61-11-18. Petitioner contends that the circuit court erred in failing to follow the recidivist sentencing guidelines as required by West Virginia Code §§ 61-11-18 and 61-11-19 as they relate to § 60A-4-408.

We consider petitioner's assignment of error under the following directive:

---

[1]West Virginia Code § 60A-4-401(a)(i) provides that "[a]ny person who violates this subsection with respect to . . . [a] controlled substance classified in Schedule I or II . . . is guilty of a felony and, upon conviction thereof, may be imprisoned in a state correctional facility for not less than one year nor more than 15 years."

[2]West Virginia Code § 60A-4-408(a) provides, in relevant part, that "[a]ny person convicted of a second or subsequent offense under this chapter may be imprisoned for a term up to twice the term otherwise authorized."

[3]West Virginia Code § 60A-4-401(a)(iii) provides that "[a]ny person who violates this subsection with respect to . . . [a] substance classified in Schedule IV. . . is guilty of a felony and, upon conviction thereof, may be imprisoned in a state correctional facility for not less than one year nor more than three years."

2

In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Syl. Pt. 1, *State v. Head*, 198 W. Va. 298, 480 S.E.2d 507 (1996). Additionally, we consider the following standards:

2. "The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syllabus Point 1, in part, *State v. Lucas,* 201 W.Va. 271, 496 S.E.2d 221 (1997).

3. "Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syllabus Point 4, *State v. Goodnight,* 169 W.Va. 366, 287 S.E.2d 504 (1982).

Syl. Pts. 2 and 3, *State v. Georgius*, 225 W. Va. 716, 696 S.E.2d 18 (2010).

Petitioner relies wholly on the argument that the restrictions and limitations of West Virginia Code §§ 61-11-18 and 61-11-19 control the application of § 60A-4-408. This is not accurate, as these are separate statutes. It is true that this Court has previously held that once a prosecutor exercises the discretion to file an information pursuant to West Virginia Code § 61-11-19, the circuit court lacks authority to impose any other sentence enhancement other than that provided for in West Virginia Code §§ 61-11-18 and 61-11-19. *State ex rel Daye v. McBride*, 222 W. Va. 17, 23, 658 S.E.2d 547, 553 (2007). However, in the instant case, the State did not file an information under West Virginia Code § 61-11-19 seeking a recidivist enhancement in this matter. Instead, petitioner's sentence was enhanced pursuant to § 60A-4-408 only; neither of the other statutes upon which petitioner relies is applicable.

On appeal, petitioner asserts that the procedural safeguards established in the general recidivist statute must be applied to the controlled substance recidivist statute, while ignoring this Court's previous rejection of this same argument. As we explained,

the separate nature of the recidivist proceeding requires the State to satisfy a number of requirements, such as: (1) filing a written information, Syl. pt. 1, *State ex rel. Cox v. Boles,* 146 W.Va. 392, 120 S.E.2d 707 (1961); (2) proving "beyond a reasonable doubt that each penitentiary offense, including the principal penitentiary offense, was committed subsequent to each preceding conviction and sentence[,]" Syl., *State v. McMannis,* 161 W.Va. 437, 242 S.E.2d 571 (1978); and (3) proving beyond a reasonable doubt to the jury the identity of the defendant. W.Va.Code § 61-11-19; Syl. pt. 4, *State v. Vance,* 164 W.Va. 216, 262 S.E.2d 423 (1980).

The appellant concludes that a defendant whose sentence is enhanced under W.Va.Code § 60A-4-408 should have the same procedural safeguards as those required under W.Va. Code § 61-11-18. Again, we disagree. In *State ex rel. Daye v. McBride,* 222 W.Va. 17, 658 S.E.2d 547 (2007), this Court recognized several important distinctions between W.Va. Code § 60A-4-408 and W.Va. Code § 61-11-18. *Daye,* 222 W.Va. at 23, 658 S.E.2d at 553. In light of the significant differences between W.Va.Code § 60A-4-408 and W.Va.Code § 6[1]-11-18, this Court is not persuaded that because W.Va.Code § 6[1]-11-18 contains procedural safeguards not included by the Legislature in W.Va.Code § 60A-4-408, that these procedural safeguards should be considered constitutional imperatives applicable to all instances of sentence enhancement.

*State v. Rutherford*, 223 W. Va. 1, 5-6, 672 S.E.2d 137, 141-42 (2008). On appeal, several of petitioner's arguments are reliant upon his application of West Virginia Code §§ 61-11-18 and 61-11-19. However, because petitioner was not sentenced under either of these statutes, he is entitled to no relief under any argument predicated on them.

Having resolved that none of the procedural requirements of West Virginia Code § 61-11-19 apply to the matter on appeal, we now turn to petitioner's specific errors. First, petitioner alleges that it was error for the State to fail to file an information. What petitioner fails to recognize, however, is that West Virginia Code § 60A-4-408 does not require that an information be filed setting forth the prior convictions in order for the statutory enhancement to apply. As this Court made explicitly clear in *Daye*, West Virginia Code § 60A-4-408 "does not require the filing of an information by the prosecuting attorney" because it provides for an enhanced penalty for a repeat drug offender that may be imposed at the discretion of the *trial court*, rather than the prosecuting attorney. 222 W. Va. at 23, 658 S.E.2d at 553. As such, petitioner's argument that an information was required is unavailing.

Finally, petitioner asserts that the circuit court erred in doubling his sentence for possession with intent to deliver heroin because the language in West Virginia Code § 60A-4-408 authorizing enhancements is governed by the criminal recidivist statute in West Virginia Code § 61-11-18, which permits enhancement for subsequent felony convictions only insomuch that "*the minimum term* shall be twice the term of years otherwise provided for under such sentence." (Emphasis added). We reiterate, however, that petitioner's sentence for possession with intent to deliver heroin was not enhanced under West Virginia Code § 61-11-18 and that statute is not applicable to the matter. As such, any arguments petitioner raises that rely on this statute entitle him to no relief. On the contrary, the relevant portions of West Virginia Code § 60A-4-408 provide as follows:

(a) Any person convicted of a second or subsequent offense under this chapter may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both. When a term of imprisonment is doubled under section 406, such term of imprisonment shall not be further increased for such offense under this subsection (a), even though such term of imprisonment is for a second or subsequent offense.

4

(b) For purposes of this section, an offense is considered a second or subsequent offense, if, prior to his conviction of the offense, the offender has at any time been convicted under this chapter or under any statute of the United States or of any state relating to narcotic drugs, marihuana, depressant, stimulant, or hallucinogenic drugs.

Pursuant to West Virginia Code § 60A-4-408, the circuit court doubled petitioner's possible maximum sentence following his conviction for possession with intent to deliver heroin, which is clearly within statutory limits. There is no provision in West Virginia § 60A-4-408 that indicates only the minimum term of the sentence can be doubled, as the statute provides that any "second or subsequent offense" may be doubled. *See State v. Hawkins*, No. 19-0523, 2020 WL 5269749 (W. Va. Sept. 4, 2020)(memorandum decision) (finding that that multiple sentences for convictions obtained on the same day or in the same proceeding may be enhanced pursuant to West Virginia Code § 60A-4-408). Further, this Court has routinely upheld decisions where both the minimum and maximum terms of sentences were doubled pursuant to West Virginia Code § 60A-4-408, even without specifically addressing challenges to the same. *See State v. Brown*, No. 17-0911, 2018 WL 4944193 (W. Va. Oct. 12, 2018)(memorandum decision); *State v. Wilson*, No. 14-0731, 2015 WL 5555649 (W. Va. Sept. 21, 2015)(memorandum decision) (holding that the doubling of a drug conviction was not disproportionate or excessive); *State v. Ward*, No. 13-0648, 2014 WL 4328197 (W. Va. Aug. 29, 2014)(memorandum decision); *State v. Rutherford*, 223 W. Va. 1, 3, 672 S.E.2d 137, 139 (2008). Petitioner has also failed to identify any case where this Court has struck down or interpreted West Virginia Code § 60A-4-408 to allow only for the enhancement of a statutory minimum sentence.

Petitioner pled guilty to one count of possession with intent to deliver heroin and one count of possession with intent to deliver diazepam; each count is based upon an individual, distinct crime. In addition, each of those crimes was subsequent to his convictions for prior drug felonies. Therefore, it is clear that each of those counts qualifies as a "second or subsequent offense" under the statute and may be enhanced "up to twice the term otherwise authorized." As a result, the circuit court chose to enhance petitioner's conviction for possession with intent to deliver heroin.[4] Based upon the clear, unambiguous language of the statute, we find that the circuit court did not abuse its discretion in enhancing petitioner's sentence.

Affirmed.

**ISSUED:** August 27, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

---

[4]The circuit court did not enhance petitioner's sentence for his conviction of possession with intent to deliver diazepam.