672 S.E.2d 137

**STATE of West Virginia, Plaintiff
Below, Appellee,**

v.

**Earl Monty RUTHERFORD, Defendant
Below, Appellant.**

No. 33828.

Supreme Court of Appeals of
West Virginia.

Submitted: Sept. 23, 2008.

Decided: Dec. 2, 2008.

**2**

Darrell V. McGraw, Jr., Esq., Attorney General, Barbara H. Allen, Esq., Managing Deputy Attorney General, Charleston, for the State.

Mark P. Chaksupa, Esq., Douglas V. Reynolds, Esq., Reynolds & Associates, Huntington, for Earl Monty Rutherford.

MAYNARD, Chief Justice.[1]

The appellant and defendant below, Earl Monty Rutherford, appeals his sentence for delivery of crack cocaine which was enhanced pursuant to W.Va.Code § 60A–4–408 (1971), on the basis that the appellant has a prior drug conviction. The appellant argues that although W.Va.Code § 60A–4–408 meets federal constitutional standards, the statute denies him due process under the West Virginia Constitution. After careful consideration

of the issue before us, we affirm the ruling of the circuit court.

## I.

### FACTS

In a complaint filed on August 22, 2005, the appellant was accused of selling twenty dollars worth of crack cocaine to an undercover West Virginia State Police Officer on July 6, 2005. On May 16, 2006, the appellant was indicted for delivery of a controlled substance under W.Va.Code § 60A–4–401(a)(i) (2005).[2] The indictment returned by the grand jury did not allege that the appellant had a prior drug conviction nor make any reference to W.Va.Code § 60A–4–408. After a two-day jury trial, the appellant was found guilty of the felony offense of delivery of a controlled substance.

The appellant was sentenced for his crime on February 20, 2007. At his sentencing, the State alleged that the appellant has a prior felony drug conviction. Therefore, pursuant to W.Va.Code § 60A–4–408, the State recommended that the circuit court double the appellant's prison sentence. In response to the State's recommendation, the appellant's counsel argued that the appellant's prior conviction should be determined by a jury.

In finding that the appellant had a prior conviction, the circuit court relied on the appellant's court file that contained evidence of the appellant's previous guilty plea in 1997 to a charge of possession with intent to deliver crack cocaine.[3] The appellant chose to

---

1. Pursuant to an administrative order entered on September 11, 2008, the Honorable Thomas E. McHugh, Senior Status Justice, was assigned to sit as a member of the Supreme Court of Appeals of West Virginia commencing September 12, 2008, and continuing until the Chief Justice determines that assistance is no longer necessary, in light of the illness of Justice Joseph P. Albright.

2. W.Va.Code § 60A–4–401(a)(i) (2005) provides:
   (a) Except as authorized by this act, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance.
   Any person who violates this subsection with respect to:
   (i) A controlled substance classified in Schedule I or II, which is a narcotic drug, is guilty of a felony and, upon conviction, may be imprisoned in the state correctional facility for not less than

one year nor more than fifteen years, or fined not more than twenty-five thousand dollars, or both[.]

3. The transcript of the sentencing hearing reads, in pertinent part, as follows:

   THE COURT: Okay. You don't deny that you have a prior felony drug conviction; do you, Monty? Because I have got your file in front of me showing March the 6th of '97 you pled guilty to Indictment No. 96–F–223, which was possession with intent to deliver crack cocaine. And you pled guilty and eventually on November 21st of '97 you got a one-to-fifteen year prison sentence. You don't deny that; do you? That you are the same person?
   [APPELLANT'S COUNSEL]: He wishes to stand silent on that.
   THE COURT: All right. Well, I have got your picture right here and Social Security number

remain silent when asked to affirm his prior conviction. Based upon the information in the appellant's file, the circuit court found that the appellant had a prior felony drug conviction and doubled his sentence as provided by W.Va.Code § 60A–4–408. The circuit court sentenced the appellant to prison for a period of not less than two nor more than thirty years with credit for time served, fined him $3,000, and levied an additional fine of $75 to be paid to the Victim's Compensation Fund. The appellant now appeals his sentence.

## II.

### STANDARD OF REVIEW

■ We are asked in this case to determine the constitutionality of a statute. This Court previously has recognized that the constitutionality of a statute is a question of law which this Court reviews *de novo. See State v. Haught,* 218 W.Va. 462, 464, 624 S.E.2d 899, 901 (2005) (indicating that the constitutionality of a statute "is a question of law"); Syllabus Point 1, *Chrystal R.M. v. Charlie A.L.,* 194 W.Va. 138, 459 S.E.2d 415 (1995) (holding that "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a de novo standard of review."). In addition, we afford to a statute every reasonable construction in order to sustain its constitutionality. This Court has held:

> In considering the constitutionality of a legislative enactment, courts must exercise due restraint, in recognition of the principle of the separation of powers in government among the judicial, legislative and executive branches. Every reasonable construction must be resorted to by the courts in order to sustain constitutionality, and any reasonable doubt must be resolved in favor of the constitutionality of the legislative enactment in question. Courts are not concerned with questions relating to legislative policy. The general powers of

the legislature, within constitutional limits, are almost plenary. In considering the constitutionality of an act of the legislature, the negation of legislative power must appear beyond reasonable doubt.

Syllabus Point 1, *State ex rel. Appalachian Power Co. v. Gainer,* 149 W.Va. 740, 143 S.E.2d 351 (1965). With these standards in mind, we now proceed to address the issue before us.

## III.

### DISCUSSION

■ The sole issue in this case is whether W.Va.Code § 60A–4–408 denies defendants their due process rights under Article III, Section 10 of the Constitution of West Virginia which provides that "[n]o person shall be deprived of life, liberty, or property, without due process of law, and the judgment of his peers." According to W.Va.Code § 60A–4–408:

> (a) Any person convicted of a second or subsequent offense under this chapter may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both. When a term of imprisonment is doubled under section 406 [§ 60A–4–406], such term of imprisonment shall not be further increased for such offense under this subsection (a), even though such term of imprisonment is for a second or subsequent offense.

> (b) For purposes of this section, an offense is considered a second or subsequent offense, if, prior to his conviction of the offense, the offender has at any time been convicted under this chapter or under any statute of the United States or of any state relating to narcotic drugs, marihuana, depressant, stimulant, or hallucinogenic drugs.

and everything and date of birth all turn out that you are the same person. And Chapter 60A, Article 4, Section 408 provides for second or subsequent offenses that a person can receive a term up to twice the term otherwise authorized for a second conviction, and in

addition a fine can be twice the amount. I found—looking at your file I found a letter written by you in 1997 to Judge Cummings, who was the sentencing judge at that time. You were asking him basically for mercy and to reconsider the sentence.

**4**

(c) This section does not apply to offenses under section 401(c) [§ 60A–4–401].[4] (Footnote added.).

The appellant claims that the application of W.Va.Code § 60A–4–408 to his sentence deprived him of his due process rights under the state constitution. According to the appellant, the statute violates due process principles because it does not contain any requirement that a criminal defendant receive any notice that he or she may be subject to its enhancement provisions or that the qualifying prior drug conviction may be included in the indictment or by separate information; it does not contain any provision for a jury or bench hearing where the defendant can contest the existence of a prior drug conviction; and no particular evidentiary standard is specified for the finding of a prior conviction.

At the outset, we note that the appellant does not contest the fact that W.Va.Code § 60A–4–408 meets federal constitutional due process standards. This was made clear by the United States Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *Apprendi* involved a defendant who pled guilty to the New Jersey crime of second-degree possession of a firearm for an unlawful purpose, which carried a prison term of 5 to 10 years. Subsequent to the defendant's plea, the prosecutor moved to enhance the sentence pursuant to a state hate crime statute that permitted a defendant's sentence to be enhanced if the court found, by a preponderance of the evidence, that " '[t]he defendant in committing the crime acted with a purpose to intimidate an individual or group of individuals because of race, color, gender, handicap, religion, sexual orientation or ethnicity.' " *Apprendi*, 530 U.S. at 468–69, 120 S.Ct. 2348, *quoting* N.J. Stat. Ann. § 2C:44–3(e) (West Supp.1999–2000). The trial court found that the shooting was racially motivated and sentenced the defendant to a 12–year term, which was two years more than the maximum sentence provided in the statute under which the defendant was convicted.

The defendant appealed arguing that the federal due process clause requires the jury, not the trial judge, to find beyond a reasonable doubt the bias upon which his hate crime sentence was based. A New Jersey appellate court upheld the increased sentence reasoning that the hate crime enhancement was a sentencing factor and not an essential element of the underlying offense. The New Jersey Supreme Court subsequently affirmed the appellate court decision. The court reasoned that the statute was constitutional because it did not allow "impermissible burden shifting, and did not create a separate offense calling for a separate penalty." *Apprendi*, 530 U.S. at 473, 120 S.Ct. 2348 (internal quotation marks and citation omitted). The court further explained that the statute was a result of the legislature giving weight to a factor that sentencing courts have used to affect punishment.

The United States Supreme Court reversed the decision of the New Jersey Supreme Court. The Supreme Court based its reversal on the rule, "[that] it is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348 (citations omitted). Significantly, however, the Supreme Court clearly indicated that this rule does not apply to the fact of a prior conviction. The Supreme Court indicated that the basis for such an exception is the certainty that procedural safeguards attached to the fact of a prior conviction. "[T]here is a vast difference between accepting the validity of a prior judgment of conviction entered in a proceeding in which the defendant had the right to a jury trial and the right to require the prosecutor to prove guilt beyond a reasonable doubt, and allowing the judge to find the required fact under a lesser standard of proof." *Apprendi*, 530 U.S. at 496, 120 S.Ct. 2348. Thus, the Supreme Court concluded that *"[o]ther than the fact of a prior conviction,* any fact that increases the penalty for a

---

4. This Court previously has indicated that "[t]he purpose of W.Va.Code, 60A–4–408 is to deter future criminal behavior[.]" *State v. Adkins*, 168 W.Va. 330, 332, 284 S.E.2d 619, 621 (1981) (citation omitted).

crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348 (emphasis added). In the instant case, W.Va.Code § 60A–4–408 requires only the finding of the fact of a prior conviction in order to enhance a defendant's sentence. Accordingly, under *Apprendi*, it meets federal constitutional due process standards.

■ This Court has recognized, however, that "[t]he provisions of the Constitution of the State of West Virginia may, in certain instances, require higher standards of protection than afforded by the Federal Constitution." Syllabus Point 2, *Pauley v. Kelly*, 162 W.Va. 672, 255 S.E.2d 859 (1979). The appellant relies on this rule in arguing that W.Va.Code § 60A–4–408 violates state constitutional due process standards. The appellant first asserts that this Court's jurisprudence has not made the distinction between a prior conviction and an element of the crime. According to the appellant, the West Virginia Code has numerous offenses in which prior convictions are interpreted as elements. In support of this proposition, the appellant cites *State v. Cozart*, 177 W.Va. 400, 402 n. 1, 352 S.E.2d 152, 153–154 n. 1 (1986) (commenting that "where a prior conviction is a necessary element of the current offense charged or is utilized to enhance the penalty after a jury finding that the defendant has committed such prior offense, it is admissible for jury purposes"). The appellant further cites *State v. Hopkins*, 192 W.Va. 483, 453 S.E.2d 317 (1994) (finding that evidence of defendant's prior shoplifting conviction was admissible as necessary element of shoplifting, third offense). We find no merit to the appellant's argument. The appellant was not convicted of an offense of which a prior conviction is an element. Rather, he was convicted of distributing crack cocaine, a crime of which a prior drug-related conviction is not an element. Significantly, the fact of the prior drug conviction alone permits sentence enhancement.

Next, the appellant argues that W.Va.Code § 60A–4–408 is a narrower version of the general recidivist statute, W.Va.Code § 61–18 (2000), which, unlike W.Va.Code § 60A–4–408, contains procedural safeguards prior to the enhancement of a defendant's sentence based on prior criminal conduct. With regard to W.Va.Code § 61–11–18, this Court explained in *State ex rel. Appleby v. Recht*, 213 W.Va. 503, 511, 583 S.E.2d 800, 808 (2002), that,

the separate nature of the recidivist proceeding requires the State to satisfy a number of requirements, such as: (1) filing a written information, Syl. pt. 1, *State ex rel. Cox v. Boles*, 146 W.Va. 392, 120 S.E.2d 707 (1961); (2) proving "beyond a reasonable doubt that each penitentiary offense, including the principal penitentiary offense, was committed subsequent to each preceding conviction and sentence[,]" Syl., *State v. McMannis*, 161 W.Va. 437, 242 S.E.2d 571 (1978); and (3) proving beyond a reasonable doubt to the jury the identity of the defendant. W.Va.Code § 61–11–19; Syl. pt. 4, *State v. Vance*, 164 W.Va. 216, 262 S.E.2d 423 (1980).

The appellant concludes that a defendant whose sentence is enhanced under W.Va. Code § 60A–4–408 should have the same procedural safeguards as those required under W.Va.Code § 61–11–18. Again, we disagree.

In *State ex rel. Daye v. McBride*, 222 W.Va. 17, 658 S.E.2d 547 (2007), this Court recognized several important distinctions between W.Va.Code § 60A–4–408 and W.Va. Code § 61–11–18.

The Uniform Controlled Substances Act, *W.Va.Code*, 60A–4–408 (1971), provides a lesser, and discretionary, enhancement in any case involving a repeat drug offender. Furthermore, the judge, not the prosecuting attorney, makes the enhanced sentencing decision under this drug offense statute. The statute applies to both misdemeanor and felony offenses. It does not require the filing of an information by the prosecuting attorney.

In contrast, the general habitual offender statute is utilized only in cases where the totality of a criminal defendant's criminal history makes a mandatory sentence of life imprisonment an appropriate punishment. The procedural provisions of the general habitual criminal offender statute,

*W.Va.Code*, 61–11–19 (1943), require the filing of an information by the prosecuting attorney within certain time limits, and the defendant has a right to a jury trial with attendant procedural safeguards.

*Daye*, 222 W.Va. at 23, 658 S.E.2d at 553. In light of the significant differences between W.Va.Code § 60A–4–408 and W.Va.Code § 60–11–18, this Court is not persuaded that because W.Va.Code § 60–11–18 contains procedural safeguards not included by the Legislature in W.Va.Code § 60A–4–408, that these procedural safeguards should be considered constitutional imperatives applicable to all instances of sentence enhancement.

Finally, the appellant implies that a comparison of W.Va.Code § 60A–4–408 with W.Va.Code § 60A–4–406 (2000) is significant to our legal analysis. West Virginia Code § 60A–4–406 permits sentence enhancement based not only on prior convictions but also on the age of the defendant, the age of the person to whom the defendant distributed the controlled substance, and the proximity of the drug crime to a school, college, or university. Under W.Va.Code § 60A–4–406, the existence of a fact which would permit enhancement requires that the fact is included in the indictment and found by the court upon a plea of guilty or nolo contendere; found by the jury upon submission to the jury of a special interrogatory for such purpose; or found by the court if the matter be tried by the court without a jury. We believe that these two statutes, while failing to provide support for the appellant's argument, are consistent with the rule stated in *Apprendi*. West Virginia Code § 60A–4–406 mandates additional procedures prior to sentence enhancement because that statute requires findings of additional facts beyond the simple fact of a prior conviction. West Virginia Code § 60A–4–408, on the other hand, requires only the fact of a prior conviction prior to enhancement, and thus does not mandate additional procedural safeguards. Accordingly, this Court is not persuaded by the appellant's arguments that W.Va.Code § 60A–4–408 does not meet state constitutional due process requirements.

To summarize, the Supreme Court held in *Apprendi* that federal constitutional due process rights do not require the government to submit to a jury and prove beyond a reasonable doubt the fact of a prior conviction which may increase the penalty for a crime beyond the prescribed statutory maximum. While the provisions of our state constitution may require higher standards of protection than those afforded by the federal constitution, we find no compelling reason in our jurisprudence to depart from the Supreme Court's rule in *Apprendi*. Therefore, we hold that W.Va.Code § 60A–4–408 (1971), which permits sentencing enhancement for certain repeat drug offenders based solely on the fact of a previous drug conviction, does not violate the due process protections found in Article III, § 10 of the West Virginia Constitution. Having so held, we find no infirmity with the enhancement of the appellant's sentence pursuant to W.Va.Code § 60A–4–408.

## IV.

## CONCLUSION

Based on the foregoing, we affirm the February 20, 2007 sentencing order of the Circuit Court of Cabell County that enhanced the appellant's sentence based on a prior drug conviction in accordance with W.Va. Code § 60A–4–408.

Affirmed.