# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 15-1144** (Fayette County 15-F-56)

**Lewis H. Allen Jr.,**
**Defendant Below, Petitioner**

**FILED**

**September 19, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Lewis H. Allen Jr., by counsel James Adkins, appeals the Circuit Court of Fayette County's October 26, 2015, order sentencing him to prison for two to thirty years and ordering him to pay a fine for one count of delivery of a Schedule II narcotic. The State of West Virginia, by counsel David Stackpole, filed a response. On appeal, petitioner argues that doubling of his sentence pursuant to West Virginia Code 60A-4-408, without prior written notice, violates his due process rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2015, a Fayette County grand jury indicted petitioner on one count of delivery of a Schedule II narcotic. Thereafter, petitioner pled guilty to one count as charged in the indictment. As part of the plea, the State agreed to recommend at sentencing that petitioner's sentence not be doubled for his prior drug convictions.[1] During the plea colloquy, the circuit court thoroughly explained petitioner's rights and explained that it was within the circuit court's discretion to double petitioner's sentence based upon his prior drug convictions.

In October of 2015, the circuit court held a sentencing hearing, during which it denied petitioner's motion for probation. Ultimately, the circuit court sentenced petitioner to a term of incarceration of two to thirty years to be served consecutively to his pending federal charges. The circuit court also fined petitioner $5000. This appeal followed.

---

[1]Petitioner's criminal history consists of the following crimes: (1) 2009 – federal firearms possession and possession of drugs; (2) 2001 – delivery of a controlled substance; (3) 1997 – sale/transfer of cocaine base; and (4) 1993 – shoplifting.

On appeal, petitioner alleges that the doubling of his sentence pursuant to West Virginia Code § 60A-4-408, without prior written notice violates his due process rights. We disagree. The Court has often explained that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W. Va. 716, 717, 696 S.E.2d 18, 19 (2010).

This Court has previously considered whether a defendant is required to receive written notice that his sentence may be enhanced based upon a prior drug conviction(s). This Court held in syllabus point four of *State v. Rutherford,* 223 W.Va. 1, 672 S.E.2d 137 (2008) that "West Virginia Code § 60A-4-408 (1971), which permits sentencing enhancement for certain repeat drug offenders based solely on the fact of a previous drug conviction, does not violate the due process protections found in Article III, § 10 of the West Virginia Constitution." *Id*. at 2, 672 S.E.2d at 138. Simply put, "West Virginia Code § 60A-4-408, . . . requires only the fact of a prior conviction prior to enhancement, and thus does not mandate additional procedural safeguards." *Id*. at 6, 672 S.E.2d at 142. While we note that petitioner was not given written notice, the circuit court during the plea colloquy thoroughly explained petitioner's rights and explained, no less than four times, that his sentence may be enhanced based upon his prior drug convictions. Accordingly, the circuit court's enhancement of petitioner's sentence pursuant to West Virginia Code § 60A-4-408 was not error.

For the foregoing reasons, the circuit court's October 26, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**:  **September 19, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II