# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 19-0523** (Fayette County 18-F-98)

**Joseph P. Hawkins,**
**Defendant Below, Petitioner**

**FILED**

**September 4, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Joseph P. Hawkins, by counsel James Adkins, appeals the Circuit Court of Fayette County's May 29, 2019, sentencing order entered following his convictions for two counts of delivery of methamphetamine. Respondent the State of West Virginia, by counsel Andrea Nease Proper, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted by a grand jury in May of 2018 on three counts of delivery of methamphetamine. Petitioner entered into a plea agreement whereby he would plead guilty to two counts of delivery of methamphetamine. During the September 10, 2018, sentencing hearing, the circuit court asked petitioner's trial counsel if both counts were subject to doubling based on petitioner's prior drug convictions. His counsel responded that the law on this point was unsettled and that she was unsure as to what this Court would do. The State argued that both sentences were subject to doubling because they were both felony drug convictions. Petitioner admitted that he had two prior drug felonies and that he was on probation for a prior felony when he committed the two felonies to which he was pleading guilty.[1] Petitioner's counsel requested that the court give petitioner probation so that he could enter drug treatment for the first time. Before imposing petitioner's sentence, the judge commented on petitioner's lengthy criminal history, noting that at sixty-two years old petitioner did not seem to be learning his lesson. The court then sentenced petitioner to two sentences of two to ten years of incarceration on those charges, doubling both of the one to five-year sentences pursuant to West Virginia Code § 60A-4-408, with the sentences to

---

[1] According to the circuit court's resentencing order, petitioner's criminal history began in 1986 and includes the following: shoplifting; conspiracy to distribute cocaine; no proof of insurance; delivery of cocaine; possession of drugs; and driving suspended/revoked.

1

run consecutively for an effective sentence of four to twenty years of incarceration. The resulting sentencing order was entered on October 3, 2018.

On March 1, 2019, petitioner, acting as a self-represented litigant, filed a Rule 35 motion for correction of sentence, arguing that his sentence was illegal because it exceeded the statutory maximum. That motion was denied by the circuit court by order entered on March 7, 2019. In that order, the circuit court noted that petitioner was sentenced pursuant to West Virginia Code § 60A-4-408, rather than § 61-11-19, which was the statute under which petitioner claimed his sentence was illegal. Petitioner was resentenced, to allow him to appeal his sentences, by order entered on May 29, 2019. Petitioner appeals from that order.

On appeal, petitioner asserts a single assignment of error: The circuit court erred in doubling both of petitioner's sentences for delivery of methamphetamine because convictions obtained in one proceeding should be treated as a single conviction for purposes of enhancement and there is no language in West Virginia Code § 60A-4-408 authorizing multiple enhancements.[2] The relevant portions of that statute provide as follows:

> (a) Any person convicted of a second or subsequent offense under this chapter may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both. When a term of imprisonment is doubled under section 406, such term of imprisonment shall not be further increased for such offense under this subsection (a), even though such term of imprisonment is for a second or subsequent offense.
> (b) For purposes of this section, an offense is considered a second or subsequent offense, if, prior to his conviction of the offense, the offender has at any time been convicted under this chapter or under any statute of the United States or of any state relating to narcotic drugs, marihuana, depressant, stimulant, or hallucinogenic drugs.

Petitioner argues that in the absence of express statutory language authorizing criminal convictions returned at the same time to be enhanced by a prior felony, only one enhancement is permissible. He contends that the recidivist statute, West Virginia Code § 61-11-18, and the second or subsequent offense statute for controlled substance convictions, § 60A-4-408, have some things in common: (1) both are penal statutes that provide for increased sentences for an individual convicted of a felony when that individual has a prior qualifying felony conviction; and (2) both statutes lack specific language from the Legislature directing that multiple sentences for convictions obtained on the same day or in the same proceeding be enhanced. However, § 60A-4-408 makes the imposition of an enhanced sentence discretionary and lacks the procedural safeguards set forth in the recidivist statute. Petitioner argues that because West Virginia Code § 60A-4-408 does not contain express language authorizing multiple enhancements, the circuit court erred by enhancing both sentences.

---

[2] This Court has found that "West Virginia Code § 60A-4-408 (1971), which permits sentencing enhancement for certain repeat drug offenders based solely on the fact of a previous drug conviction, does not violate the due process protections found in Article III, § 10 of the West Virginia Constitution." Syl. Pt. 4, *State v. Rutherford,* 223 W. Va. 1, 672 S.E.2d 137 (2008).

At the outset, we consider the following standards:

> 2. "The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syllabus Point 1, in part, *State v. Lucas,* 201 W.Va. 271, 496 S.E.2d 221 (1997).

> 3. "Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syllabus Point 4, *State v. Goodnight,* 169 W.Va. 366, 287 S.E.2d 504 (1982).

Syl. Pts. 2 and 3, *State v. Georgius*, 225 W. Va. 716, 696 S.E.2d 18 (2010). Further, to the extent petitioner's appeal is an appeal of the denial of his Rule 35 motion, we have held that

> [i]n reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Syl. Pt. 1, *State v. Head*, 198 W. Va. 298, 480 S.E.2d 507 (1996).

Pursuant to West Virginia Code § 60A-4-408, the circuit court doubled both sentences, which is clearly within statutory limits. There is no provision in § 60A-4-408 that indicates only one of the sentences can be doubled, as the statute provides that any "second or subsequent offense" may be doubled. Petitioner pled guilty to two counts of delivery of methamphetamine, and each count is based upon an individual, distinct crime. In addition, each of those crimes were subsequent to his convictions for prior drug felonies. Therefore, it is clear that each of those counts qualify as a "second or subsequent offense" under the statute. Based upon the clear, unambiguous language of the statute, we find that the circuit court did not abuse its discretion in enhancing both of petitioner's sentences. For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 4, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison