# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 19-0498**  (Fayette County 18-F-170)

**Elbyheine Bond,**
**Defendant Below, Petitioner**

**FILED**

**September 4, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Elbyheine Bond, by counsel James Adkins, appeals the May 3, 2019, order of the Circuit Court of Fayette County that sentenced him to consecutive sentences of two to ten years in prison for the felony offense of delivery of methamphetamine, pursuant to West Virginia Code § 60A-4-408(a),[1] and to a determinate period of five years for the felony offense of possession of a firearm by a convicted felon. The State of West Virginia, by counsel Karen Villanueva-Matkovich, filed a summary response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2018, petitioner was indicted by a Fayette County Grand Jury on seven felony counts: (1) conspiracy to deliver methamphetamine,[2] in violation of West Virginia Code §

---

[1] West Virginia Code § 60A-4-408(a) provides:

(a) Any person convicted of a second or subsequent offense under this chapter may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both. When a term of imprisonment is doubled under section 406, such term of imprisonment shall not be further increased for such offense under this subsection (a), even though such term of imprisonment is for a second or subsequent offense.

[2] Petitioner's alleged co-conspirator was his then-girlfriend, who was also named in the indictment.

1

61-10-31; (2) delivery of a controlled substance (methamphetamine), in violation of West Virginia Code § 60A-4-401; (3) conspiracy to possess cocaine, in violation of West Virginia Code § 61-10-31; (4) possession of a controlled substance with the intent to deliver (cocaine), in violation of West Virginia Code § 60A-4-401; (5) conspiracy to possess methamphetamine, in violation of West Virginia Code § 61-10-31; (6) possession of a controlled substance with the intent to deliver (methamphetamine), in violation of West Virginia Code § 60A-4-401; and (7) possession of a firearm by a convicted felon, petitioner having been convicted in North Carolina in 1990 of two counts of possession with intent to sell and deliver cocaine, and two counts of "sale of cocaine," in violation of West Virginia Code § 61-7-7.[3]

On March 15, 2019, petitioner pled guilty to one count of delivery of methamphetamine, as contained in Count Two of the indictment, and one count of possession of a firearm by a convicted felon, as set forth in Count Seven. In exchange for petitioner's plea, the State agreed to dismiss the remaining charges. Finding that petitioner knowingly, voluntarily, and intelligently waived his constitutional rights and that his guilty plea was voluntarily made, the circuit court accepted petitioner's plea.

At the April 30, 2019, sentencing hearing, petitioner's counsel explained that petitioner's prior felony convictions occurred when he was much younger; that he maintains a home with his girlfriend and her two children; that, at the time of the hearing, he was employed at a construction company; and that he has a valid driver's license. Petitioner's counsel further noted that, at the time the crimes herein were committed, petitioner had been "laid off from work and didn't want to face getting his vehicle repossessed, didn't want to face getting evicted[,] and made an unfortunate choice to sell methamphetamine." Further, petitioner's counsel argued that, while out on bond, "[t]here's no indication that he's – other than one traffic ticket that he's got into any other trouble since this case has been pending." Petitioner requested probation.

In determining sentencing, the circuit court explained that while it took into account petitioner's age (forty-seven years old), the fact that he obtained his GED while previously incarcerated and is currently employed, it also considered the fact that he sold a confidential informant $375 worth of methamphetamine, which "wasn't a small deal. It was a pretty big deal of methamphetamine." The circuit court further noted that petitioner's "criminal history is not good," and that he

[h]as very little substance abuse history. Denies all other substance abuse.

So, it appears that the defendant is a good business man. A good business man doesn't use the product he is selling. It is too valuable for him to be using personally. So, he's not a drug abuser or drug user, he's a drug dealer. . . . He admits

---

[3] In addition to these past crimes, petitioner was also convicted of larceny in 1998; assault in 1999, 2000, 2004, and 2006; "communicating threats" in 2004; possession of drug paraphernalia in 2007; "prohibited possession" in 2007; "no seatbelt" in 2017; domestic battery in 2017; and speeding in 2018.

that he wasn't selling to support his own habit. He was selling for a profit, make a profit off of it. . . .

So, all that being said the defendant's application for probation is hereby denied. To place him on probation at this point, with his extensive criminal history and the fact that he is a confirmed drug dealer would unduly depreciate the seriousness of these offenses.

The circuit court sentenced petitioner to two to ten years in prison for delivery of methamphetamine, as doubled by the enhanced penalty authorized by West Virginia Code §60A-4-408(a), and further sentenced him to a determinate period of five years for possession of a firearm by a convicted felon. The court ordered the sentences to run consecutively. Petitioner now appeals his sentence, which was memorialized in an order entered on May 3, 2019.

On appeal, petitioner argues that, in determining sentencing, the circuit court failed to adequately consider petitioner's "positive attributes," as well as his age at the time of his prior felony convictions (eighteen and twenty-seven years old, respectively), favorable post-arrest conduct, and self-professed potential for rehabilitation. *See State v. Cooper*, 172 W. Va. 266, 304 S.E.2d 851 (1983). *See also* Syl. Pt. 6, *State v. Booth*, 224 W. Va. 307, 685 S.E.2d 701 (2009).Typically, "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). *See* Syl Pt. 1, in part, *State v. Lucas,* 201 W. Va. 271, 496 S.E.2d 221 (1997) ("The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands."). Petitioner does not dispute that his sentence is within statutory limits, nor does he allege that his sentence was based upon some impermissible factor. Thus, outside the context of petitioner's constitutional arguments, his sentence is not reviewable by this Court. *See State v. Slater*, 222 W. Va. 499, 507, 665 S.E.2d 674, 682 (2008) (finding that petitioner's sentence is not subject to appellate review "because the sentence imposed for each conviction is within the statutory limit and [petitioner] has identified no impermissible factor upon which his sentence is based.").

Here, petitioner argues that his sentence violates the principle of proportionality as set forth in Article III, Section 5 of the West Virginia Constitution: "Penalties shall be proportioned to the character and degree of the offence." We have instructed that "[w]hile our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence." Syl. Pt. 4, *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981). Insofar as the crimes for which petitioner was sentenced have fixed statutory maximums, *see* W. Va. Code § 60A-4-401 (providing for a prison sentence of one to fifteen years for delivery of methamphetamine) and W.Va. Code § 61-7-7(b)(2) (providing for prison sentence of "not more than five years" or a fine of not more than $5,000, or both, for felony possession of a firearm), *Wanstreet* instructs that, ordinarily, such sentences are not appropriate for a proportionality analysis. *See State v. Allen*, 208 W. Va. 144, 156, 539 S.E.2d 87, 99 (1999) (declining to review under proportionality principles "[b]ecause this case involves neither the possibility of unlimited sentences nor a life recidivist statute"); *State v. Mullins*, No. 17-0391, 2018

3

WL 2928096, at \*5 (W. Va. June 11, 2018) (memorandum decision) (finding it "unnecessary to address petitioner's argument regarding the allegedly disproportionate nature of his [8 to 120 years] sentences, because the same are not subject to appellate review"); *State v. Krise*, No. 16-0814, 2017 WL 2493288, at \*3 (W. Va. June 9, 2017) (memorandum decision) (finding "petitioner's sentence [of 24 to 60 years] is not subject to challenge on appeal"); *Robert J. M. v. Ballard*, No. 14-1315, 2016 WL 3369556, at \*12 (W. Va. June 17, 2016) (memorandum decision) ("declin[ing] to apply our proportionality standards in this case" because a sentence of 31 to 75 years was within statutory limits). Thus, pursuant to *Wanstreet*, petitioner's sentence is not appropriate for a proportionality analysis.

Finally, petitioner argues that West Virginia Code § 60A-4-408, although constitutional, was applied in a manner that denied him due process of law under Article III, Section 10 of the West Virginia Constitution.[4] In support of this assignment of error, petitioner states that his prior drug convictions occurred when he was much younger, that, presently, he is "drug free and gainfully employed," and that, "without the requirement of a special pleading [such as is required in a recidivist proceeding] or exercise of prosecutorial discretion, in a multi[-]judge circuit, a defendant's outcome in cases were [the statute] can be applied, is largely a product of which judge his case is assigned to." Petitioner's cursory argument does not include any legal authority or substantive arguments in support thereof and, thus, fails to comport with the requirement that "[t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on . . . ." W. Va. R. App. P. 10(c)(7). *See also State ex rel. Hatcher v. McBride*, 221 W. Va. 760, 766, 656 S.E.2d 789, 795 (2007) (cautioning that "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim"). Consequently, we find this issue to be waived. *See State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996) ("Although we liberally construe briefs in determining issues presented for review, issues which are . . . mentioned only in passing but are not supported with pertinent authority . . . are not considered on appeal." (citation omitted)).

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 4, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[4] In syllabus point 4 of *State v. Rutherford*, 223 W. Va. 1, 672 S.E.2d 137 (2008), this Court held that "West Virginia Code § 60A-4-408 (1971), which permits sentencing enhancement for certain repeat drug offenders based solely on the fact of a previous drug conviction, does not violate the due process protections found in Article III, § 10 of the West Virginia Constitution."

4