## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**v.)  No. 23-413** (Fayette County CC-10-2023-F-24)

**Heather L. Hewitt,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Heather L. Hewitt appeals the June 9, 2023, sentencing order entered by the Circuit Court of Fayette County after her guilty plea to two felony drug offenses.[1] On appeal, the petitioner argues that her sentence is erroneous because the court did not have sufficient information to find that these offenses were "second or subsequent" offenses under West Virginia Code § 60A-4-408. Upon our review, finding no substantial question of law and no prejudicial error, we determine oral argument is unnecessary and that a memorandum decision is appropriate. *See* W. Va. R. App. P. 21(c).

In January 2023, the State charged the petitioner and two codefendants with various drug offenses in a thirty-five-count superseding indictment. In March 2023, the petitioner pled guilty to conspiracy to deliver fifty grams or more of methamphetamine and delivery of five grams or more of fentanyl. In relevant part, the plea agreement notified the petitioner that the circuit court could double the penalty for these offenses under West Virginia Code § 60A-4-408[2] because she "was previously convicted of a felony violation of Chapter 60A" of the Code. During the plea hearing, the State read the plea agreement into the record and stated, in relevant part, that

> [t]he Defendant understands that pursuant to the West Virginia Code [§] 60A-4-408 that the Court has discretion to double the aforementioned penalties as the

---

[1] The petitioner appears by counsel Steven K. Mancini. The State appears by Attorney General John B. McCuskey and Deputy Attorney General Andrea Nease Proper. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel.

[2] West Virginia Code § 60A-4-408(a) provides that "[a]ny person convicted of a second or subsequent offense under [West Virginia Code Chapter 60A] *may be imprisoned for a term up to twice the term otherwise authorized* . . . ." [emphasis added]. This statute further explains "an offense is considered a second or subsequent offense, if, prior to his conviction of the offense," the petitioner was convicted for violating a law in the United States "relating to narcotic drugs, marihuana, depressant, stimulant, or hallucinogenic drugs." W. Va. Code § 60A-4-408(b).

Defendant was previously convicted of a felony violation of Chapter 60A of the West Virginia Code. The Defendant understands that the penalty for any future felony-controlled substance conviction could be doubled as a result of the preceding convictions. Although the Defendant has a prior felony conviction, as part of this plea agreement the [S]tate will forego the filing of a recidivist information against the Defendant pursuant to the West Virginia Code [§] 61-11-18.

During her plea colloquy, the petitioner indicated that she understood all the terms and conditions of the plea agreement and believed that the plea agreement was in her best interest. The petitioner also stated that she was aware of the maximum penalties for these crimes and recognized that, because of her previous felony drug conviction, the court had discretion to "double the sentences for each of these under [§] 60A-4-408[.]" In its order accepting the plea agreement, the circuit court found that the petitioner understood "that the penalty for the instant plea may be doubled at the discretion of the [c]ourt pursuant to West Virginia Code § 60A-4-408 as the [petitioner] was previously convicted of a felony violation of Chapter 60A of the West Virginia Code."[3] The court then referred the petitioner's case to the Fayette County Probation Department for preparation of a presentence report ("PSR").

The criminal history section of the PSR reflected that, in 2009, the petitioner pled guilty to the felony offense of obtaining a controlled substance through fraud.[4] The PSR also noted that this conviction was based upon the petitioner's admission that she used a "stolen prescription to obtain sixty Roxicodone tablets." At the sentencing hearing, the petitioner did not object to the validity of this information in the PSR or argue that her 2009 conviction should not be considered by the circuit court. Further, the petitioner did not object to the court's statement at the sentencing hearing that her sentence could be doubled under West Virginia Code § 60A-4-408. Ultimately, the court doubled both of the petitioner's sentences and ordered her to consecutively serve sixty years of imprisonment for conspiring to deliver fifty grams or more of methamphetamine[5] and six to thirty years of imprisonment for delivering five grams or more of fentanyl.[6]

---

[3] At the plea hearing, neither the petitioner nor her counsel disputed that she had a prior felony drug conviction. The same counsel represented the petitioner throughout the plea and sentencing proceedings, and in this appeal.

[4] *See* W. Va. Code §§ 60A-4-403(a)(3) (providing that "[i]t is unlawful for any person knowingly or intentionally . . . [t]o acquire or obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge"), 60A-4-403(b) (providing that "[a]ny person who violates this section is guilty of a felony").

[5] *See* W. Va. Code § 60A-4-414(b) (providing that a conspiracy to deliver fifty grams or more of methamphetamine is punishable by "a determinate sentence of not less than two nor more than thirty years.")

[6] *See* W. Va. Code § 60A-4-401(a)(i) (providing that delivery of fentanyl is punishable by an indeterminate sentence of three to fifteen years of imprisonment and a fine up to $50,000).

The petitioner appeals the court's sentencing order and argues that her sentence is illegal because the court did not have "sufficient information" about her prior felony drug conviction to support a sentence enhancement pursuant to West Virginia Code § 60A-4-408. We have previously observed that "[a] direct appeal from a criminal conviction based on a guilty plea will lie where an issue is raised as to the voluntariness of the guilty plea or the legality of the sentence." Syl. Pt. 1, *State v. Sims*, 162 W. Va. 212, 248 S.E.2d 834 (1978).

Here, the petitioner claims that the record before the court at the sentencing hearing did not reveal "the prior offense of which [the petitioner] was convicted" or "what substance [the petitioner] was previously convicted of obtaining, delivering, or possessing." Setting aside the fact that the petitioner has offered no support for her assertion that anything more than the fact of a prior drug conviction must be shown to support enhancement under West Virginia Code § 60A-4-408[7], the criminal history section of her PSR nevertheless provided that, when she committed the previous felony drug offense of obtaining a controlled substance through fraud, she was employed in a doctor's office and "admitted to stealing a blank prescription form signed by [the doctor] from this office and using this stolen prescription to obtain sixty Roxicodone tablets." If the petitioner wished to dispute the fact of her prior conviction, she was obligated to file "objections to any material information contained in or omitted from the" PSR. W. Va. R. Crim. P. 32(b)(6)(B); *see* W. Va. Tr. Ct. R. 43.01(a) (regarding the timeline for filing an objection to a PSR). But neither the petitioner nor her counsel objected to the inclusion of this prior conviction in her PSR, and consequently, the circuit court did not err by accepting this prior felony drug conviction as a fact. *See State v. Bleck*, 243 W. Va. 293, 298, 843 S.E.2d 775, 780 (2020) ("[T]he West Virginia Rules of Criminal Procedure make absolutely clear that the appropriate time to object to any portion of a pre-sentence report is prior to the sentencing hearing, or at the very least, for good cause, prior to the imposition of sentence."); W. Va. R. Crim. P. 32(b)(6)(C) (providing that "[e]xcept for any unresolved objection . . . the court may, at the hearing, accept the presentence report as its findings of fact."); W. Va. Tr. Ct. R. 43.01(c) (providing that, in the absence of an objection, the PSR "may be accepted by the court as accurate.").

Based upon the petitioner's prior conviction for obtaining a controlled substance by fraud, the circuit court permissibly doubled her sentences in this case pursuant to West Virginia Code § 60A-4-408, and the petitioner's sentence is not illegal.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 22, 2025

---

[7] *See State v. Rutherford*, 223 W. Va. 1, 6, 672 S.E.2d 137, 142 (2008) ("West Virginia Code § 60A-4-408 . . . requires only the fact of a prior conviction prior to enhancement . . . .").

3

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV